UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAY A. PERRY, | ) | CASE NO. 1:07 CV 2952 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TERRY COLLINS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On September 27, 2007, pro se plaintiff Ray A. Perry filed this action against Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins. In the complaint, plaintiff alleges he is being confined unfairly. He seeks injunctive relief.

**Background**

Mr. Perry was indicted on charges of escape on December 15, 2005 for failing to report to his parole officer. See State v. Perry, No. CR-05-474846 (Cuyahoga Cty Ct. Com. Pl. indictment filed December 15, 2005).[1] He was arrested on the outstanding warrant on January 22, 2007 in Las Vegas, Nevada and extradited to Ohio. A trial on these charges was set for August 2, 2007. Mr. Perry was convicted on one count of escape and was sentenced on September 25, 2007

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at, www.cpdocket.cp.cuyahogacounty.us

to a term of two years incarceration followed by three years of post release control.

Two days after his sentencing, Mr. Perry filed the within action to challenge the State's ability to prosecute him on escape charges. Specifically, he claims that "those released on PRC are being unlawfully prosecuted for escape pursuant to R.C. 2921.34 for failing to visit their parole officer." He contends that "there is no statute authorizing the prosecution" and requests an injunction against the ODRC to prevent them from incarcerating inmates for failing to report to their parole officers.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

A prisoner may not raise claims in a general civil action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey,

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

512 U.S. 477, 486 (1994).  The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief.  Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Mr. Perry does not allege that his conviction has been declared invalid by either an Ohio state court and makes no showing that he has exhausted available state review of his conviction.  His claims must therefore be dismissed.

Moreover, even if this action were not subject to dismissal as an impermissible collateral attack on his conviction, Mr. Perry's complaint would fail to state a claim upon which relief could be granted.  Principles requiring generous construction of pro se pleadings are not without limits.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Beaudett, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.  Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  See Wells v. Brown, 891 F.2d at 594.  Even liberally construed, the complaint does not state a federal claim upon which Mr. Perry intends to base his action.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated: January 2, 2008                             *s/   James S.Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.